1
2
3
4
5
6                IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9   United States of America,              )   CR 10-3738-TUC-RCC(HCE)
                                           )
10              Plaintiff,                  )   **ORDER**
                                           )
11  vs.                                    )
                                           )
12                                         )
    Pedro Antonio Figueroa Burruel,        )
13                                         )
                Defendant.                 )
14                                         )
                                           )
15  _____)

16      The Court took  under advisement the pleadings the parties filed in this case and the oral

17  arguments heard by the Court.

18      The  Government  in  its  objections  to  Magistrate  Judge  Estrada's  Report  and

19  Recommendation cites the following that the defendant must prove:

20      1)  that the defendant failed to exhaust any of his administrative remedies;

21      2) that the deportation proceedings were improper denied the defendant an opportunity for

22  judicial review; and

23      3)  that the issues of the order were fundamentally unfair.

24      This Court believes that the defendant has met its burden on all three issues.  While the

25  parties have ably argued this case, one thing that stands out is at the time of the hearing in

26  2000 is that no one knew what rights were being taken away from the defendant.  The

27  defendant did not know, the immigration judge did not know and the immigration office did

28  not know.

It boggles the Court's mind that such an important right could be taken away when no one knew that right was being taken away.

The defendant would have had no reason to appeal or exhaust his administrative remedy when he thought he had nothing to gain. The immigration judge failed to advise, but again thought there was nothing to advise. Immigration itself was unaware of the legal permanent resident status even though its file contained information that would have let all parties know that such was the case and was losing such.

This Court finds it fundamentally unfair for the defendant to loose his permanent legal resident status at a hearing where neither he nor the immigration judge nor the immigration office were aware that the defendant had such status.

**IT IS THEREFORE ORDERED** that the Court affirms the Report and Recommendation by Magistrate Judge Estrada (Doc. 56) and **GRANTS** Defendant's Motion to Dismiss Indictment (Doc. 15).

The Court **FURTHER ORDERS**, to the extent that it can, that the defendant remain in the United States in detention until he has a chance to at least petition to reopen his case and pending the conclusion of his N-600 hearing now set in January.

**IT IS FURTHER ORDERED** that all other remaining motions are **MOOT.**

DATED this 8th day of December, 2011.

Raner C. Collins
United States District Judge